IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALICIA BARAHONA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　Defendant.　　　　　　　　　／ | No. C-08-4801 MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; VACATING HEARING** |

　　　　Before the Court is defendant United States of America's ("United States") Motion to Dismiss, filed December 10, 2008. No opposition has been filed. Having read and considered the papers filed in support of the motion, the Court deems the matter suitable for decision thereon, hereby VACATES the hearing scheduled for January 16, 2009, and rules as follows.

　　　　The history of the instant action is set forth below:

　　　　On September 16, 2008, plaintiff initiated the action by filing in state court a "Request for Orders to Stop Harassment." (See Not. of Removal Ex. A, at 1.) Plaintiff named Cantigny Arakaki ("Arakaki") as the sole defendant and alleged Arakaki was plaintiff's "co-worker/supervisor" at the Federal Correctional Institution in Dublin, California. (See id.) Plaintiff further alleged Arakaki "struck [plaintiff] on [her] back." (See id. Ex. A, at 2.) On October 21, 2008, Assistant United States Attorney Joann M. Swanson, acting with

the authority of the United States Attorney for the Northern District of California and the Attorney General, filed, in district court, a certification that Arakaki "was acting within the course and scope of her employment with the Federal Bureau of Prisons at all times material" to the instant action. (See Certification Pursuant to 28 U.S.C. § 2679(d), ¶ 2.) Said certification had the effect of substituting the United States in place of Arakaki as the sole defendant to the action. See 28 U.S.C. § 2679(d)(2). On the same date, the United States removed the action to district court. (See Not. of Removal.) Subsequently, the United States filed the instant motion, in which the United States contends the Court lacks subject matter jurisdiction over plaintiff's claims.

As the United States points out, the Federal Tort Claims Act, 28 U.S.C. §§ 2671-80 ("FTCA"), provides the sole and exclusive remedy where, as here, a plaintiff alleges a common law tort against an employee of the United States who is acting within the scope of her employment. See 28 U.S.C. § 2679(b)(1).[1] Under the FTCA, a plaintiff must first file an administrative claim before bringing suit. See 28 U.S.C. § 2675(a). The administrative claim requirement is "jurisdictional." See Brady v. United States, 211 F.3d 499, 502 (9th Cir. 2000). Here, the undisputed evidence in the record shows plaintiff failed to file such a claim. (See Vickers Decl. ¶ 2 (stating, after search of system from which Bureau of Prisons "tracks and monitors" administrative claims, declarant "did not find any tort claims filed by [plaintiff]").[2] Consequently, the Court finds it lacks subject matter jurisdiction over plaintiff's

---

[1] An FTCA action is "exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." See 28 U.S.C. § 2679(b)(1). As the United States points out, although not expressly provided in the statute, injunctive relief is not available in a suit subject to the FTCA. See Moon v. Takisaki, 501 F.3d 389, 390 (9th Cir. 1974) (holding dismissal of claim for injunctive relief, on ground of lack of jurisdiction, was "proper"; noting "[t]he Tort Claims Act makes the United States liable in money damages for the torts of its agents under specified conditions, but the Act does not submit the United States to injunctive relief").

[2] The Court may consider material outside the pleadings when determining a factual attack on subject matter jurisdiction. See Thornhill Publishing Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979) (holding, on motion to dismiss where defendant has brought factual attack on subject matter jurisdiction, plaintiff has burden of proof and "the judge may consider the evidence presented with respect to the jurisdictional issue and rule on that issue, resolving factual disputes if necessary").

2

claims.

Accordingly, the United States' motion is hereby GRANTED, and the instant action is hereby DISMISSED, without prejudice to plaintiff's filing a new action after the exhaustion of her administrative remedies.[3]

**IT IS SO ORDERED.**

Dated:  January 12, 2009

_____
MAXINE M. CHESNEY
United States District Judge

---

[3] In light of the above, the Court does not reach the United States' alternative arguments in support of dismissal.